UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE ESTATE OF JON LEON WATSON by and through its Administrator ad Prosequendum, HELEN RAY LLOYD, and HELEN RAY LLOYD, in her own right, | : : : : | Hon. Joseph H. Rodriguez<br><br>Civil Action No. 16-6578 |
| Plaintiffs, | : | OPINION |
| v. | : | |
| CUMBERLAND COUNTY, et al., | : | |
| Defendants. | : | |

This matter is before the Court on motion for summary judgment pursuant to Fed. R. Civ. P. 56 by Defendant CFG Health Systems, LLC ("CFG"). CFG seeks dismissal of Plaintiff's medical malpractice/ professional negligence claims for failure to timely provide an Affidavit of Merit as required by N.J. Stat. Ann. § 2A:53A-29. The Court has reviewed the submissions and decides the matter based on the briefs pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, Defendant CFG's motion will be granted.

## Background

CFG provided health services at Cumberland County Jail when Jon Leon Watson was admitted as an inmate. On June 3, 2016, Watson was found hanging in his cell; he had committed suicide.

1

## Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (a). Thus, the Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences

drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Andersen, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322. That is, the movant can support the assertion that a fact cannot be genuinely disputed by showing that "an adverse party

3

cannot produce admissible evidence to support the [alleged dispute of] fact." Fed. R. Civ. P. 56(c)(1)(B); accord Fed. R. Civ. P. 56(c)(2).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## Discussion

New Jersey's Affidavit of Merit Statute was enacted "'as part of a tort reform package designed to strike a fair balance between preserving a person's right to sue and controlling nuisance suits.'" Nuveen Mun. Trust v. Withumsmith Brown, P.C., 692 F.3d 283, 290 (3d Cir. 2012) (quoting Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 579 (3d Cir. 2003)). The Affidavit of Merit Statute requires:

> [i]n any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person [stating] that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or

4

>occupational standards or treatment practices. The court may grant no more than on additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A–27. These two 60 day periods must run consecutively, and they are not to exceed 120 days total from the date the defendant's answer is filed. Douglass v. Obade, 819 A.2d 445, 446 (N.J. Super. Ct. App. Div. 2003) (The "end of the line . . . the drop-dead date, is 120 days.").

"The penalty for not following the [Affidavit of Merit] Statute is severe. Absent a showing of one of four limited exceptions, the failure to file the affidavit 'shall be deemed a failure to state a cause of action.'" Nuveen, at 290–91 (quoting N.J. Stat. Ann. § 2A:53A–29). The four limited exceptions are: (i) where the defendant has failed to provide the plaintiff requested medical information, N.J. Stat. Ann. § 2A:53A-28; (ii) a narrow class of cases where professional negligence can be demonstrated as a matter of "common knowledge," Hubbard v. Reed, 774 A.2d 495, 501 (N.J. 2001) (finding that layperson could find professional negligence absent affidavit of merit where dentist pulled the wrong tooth); (iii) where the plaintiff has substantially complied with the affidavit-of-merit requirement, Cornblatt v. Barow, 708 A.2d 401, 411-12 (N.J. 1998); or (iv) where the plaintiff can show "extraordinary circumstances" that warrant

equitable relief, Ferreira v. Rancocas Orthopedic Assocs., 836 A.2d 779, 782-83 (N.J. 2003). See also Nuveen, 692 F.3d at 291 n.3.

In this case, CFG filed its Answer invoking the protection of New Jersey's Affidavit of Merit Statute regarding any medical malpractice or professional negligence claims on February 3, 2017. [Doc. 21.] Plaintiff did not file a timely Affidavit of Merit. Both the 60-day deadline to do so, April 4, 2017, and an extended 60 days upon a showing of good cause, of June 3, 2017, passed before the instant motion was filed. Any claims of medical malpractice or professional negligence against CFG or its fictitious doctors and nurses who evaluated Watson must therefore be dismissed for failure to state a cause of action.

Plaintiff is correct that this decision has no effect on any federal civil rights claims alleged.[1] Plaintiff's other arguments against summary judgment, however, are without merit and have previously been rejected by this Court. See, e.g., Estate of Allen v. Cumberland County, 262 F. Supp. 3d 112 (D.N.J. 2017) (common knowledge exception to Affidavit of Merit Statute did not apply to same fact pattern); Richards v. Wong, No. 14-3353 (PGS), 2015 WL 4742344, at *4 (D.N.J. Aug. 10, 2015) (CFG Health

---

[1] The Court notes, however, that the claims against CFG are based on an alleged medical failure of its employees to properly screen for suicidal tendencies that would result in monitoring and protecting the inmate.

Systems, LLC is entitled to invoke the protections afforded by the Affidavit of Merit Statute to "licensed persons").

## Conclusion

For these reasons, Defendant CFG Health Systems, LLC's motion for summary judgment will be granted. Any claims of medical malpractice/ professional negligence against CFG are dismissed for failure to timely provide an Affidavit of Merit as required by N.J. Stat. Ann. § 2A:53A-29. An appropriate Order will be filed.

Dated: February 27, 2018            /s/ Joseph H. Rodriguez
                                    JOSEPH H. RODRIGUEZ
                                         U.S.D.J.